# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TIMBUK KOFI ATAKORA,** | * |
| v. | * Civil Action No.: RWT-12-2072 |
| **ROBERT B. FRANKLIN,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION AND ORDER

On July 12, 2012, the Plaintiff, ("Atakora"), proceeding *pro se*, filed a Complaint in this Court seeking damages and injunctive relief.[1] Doc. No. 1. Atakora, a resident of Silver Spring, Maryland claims that on October 17, 2011, he was a student at Morehouse College ("Morehouse") in Atlanta, Georgia when he was severely injured after the stage of the college's Forbes Arena "failed" causing injuries that required surgery and hospitalization. *Id.* Atakora seeks to invoke the jurisdiction of this Court on the basis of diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. Assuming, *arguendo,* that there is federal subject matter jurisdiction over the claims presented herein, the Court deems it appropriate to transfer the instant action pursuant to 28 U.S.C. § 1406(a).[2]

Atakora names the President and two "Shareholders" of Morehouse as Defendants and claims that they: (1) negligently failed to ensure that the stage was erected in a safe manner; (2) failed to provide the hospital with insurance coverage information;[3] (3) neglected to contact his

---

[1] The complaint seeks $300,000.00 in damages, unspecified punitive damages, and an injunction compelling the release of his academic transcript. Doc. No. 1 at 5.

[2] In so ruling, this Court will not comment on the merit of Atakora's claims against the named parties.

[3] Atakora claims that due to the lack of insurance information provided to the hospital, his medical care was delayed and extremely poor.

mother to inform her of his injuries and hospitalization; (4) neglected to ensure that his medical needs were attended to after his release from the hospital; (5) made an assessment of his injuries and his need for continued neurological and orthopedic care and then expelled him from school; (6) trashed personal effects in his dorm room; (7) refused to release his academic transcripts in the absence of his signing a release of liability; and (8) denied him the ability to register for classes.

The Complaint fails to plead a factual nexus to Maryland. Pursuant to 28 U.S.C. §1391(a), a civil action that is founded solely on "diversity of citizenship" may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

All Defendants reside in Georgia. Further, substantial parts, if not all, of the events set out in the Complaint occurred in Georgia. No material facts related to Atakora's injuries occurred in Maryland and the cause of action as currently pleaded has no connection to this district. Accordingly, venue is not proper in this court.

Rather than dismissing for improper venue, courts favor finding that it is in the interest of justice to transfer venue. *See Hackos v. Sparks,* 378 F. Supp. 2d 632, 634 (M.D.N.C. 2005). Therefore, this case shall be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Northern District of Georgia for all further proceedings.[4]

---

[4] Atakora has filed a Motion to Proceed In Forma Pauperis, with accompanying affidavit. Doc. No. 3. This Court deems it appropriate to leave such determination and/or assessment with the transferee court.

Accordingly, it is this 26th day of July, 2012, by the United States District Court for the District of Maryland,

**ORDERED**, that this case is **TRANSFERRED** to the United States District Court for the Northern District of Georgia; and it is further

**ORDERED**, that the Clerk is directed to **CLOSE** this case; and it is further

**ORDERED**, that the Clerk is directed to send a copy of this Memorandum Opinion and Order to the Plaintiff.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE