IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TIMBUK K. ATAKORA,** | |
| Plaintiff, | |
| v. | 1:12-cv-2595-WSD |
| **ROBERT FRANKLIN and MOREHOUSE COLLEGE,** | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Timbuk Kofi Atakora's ("Plaintiff") Motion to Modify/Vacate Order [57] (the "Motion").

## I. BACKGROUND

In the "Background" section of its December 13, 2013, Order, [46] granting summary judgment to Defendants Robert Franklin ("Franklin") and Morehouse College ("Morehouse") (collectively, "Defendants"), the Court set forth this case's factual and procedural background, and set forth the asserted basis for Plaintiff's claims against Defendants. (December 13, 2013, Order at 1-4). That background section is incorporated here by reference.

On July 12, 2012, Plaintiff, proceeding *pro se*, filed this action in the United States District Court for the District of Maryland. Finding Plaintiff's Complaint

[1] failed to allege a factual nexus to Maryland, on July 26, 2012, the court in Maryland transferred the action to the Northern District of Georgia.[1]

On May 17, 2013, Defendants moved [39] for summary judgment,[2] and on December 13, 2013, the Court granted [47] Defendants' motion, finding that Defendants did not have a legal duty to prevent the hazard that Plaintiff alleged caused his injuries, and that Plaintiff's remaining claims failed to state a legal basis upon which relief could be granted. The Clerk entered judgment [47] in favor of Defendants on December 13, 2013.

---

[1] Plaintiff claims to have been injured while taking video and photographs of a fashion show and hip-hop concert presented as part of the college's homecoming activities, and later expelled from Morehouse based upon his injuries and claims against it. In his Complaint, Plaintiff asserted claims against Morehouse and Franklin, the president of the college, for: (1) negligently failing to ensure the stage was erected in a safe manner; (2) failing to provide the hospital with his student insurance information; (3) neglecting to contact his mother to inform her of his injuries and hospitalization; (4) neglecting to ensure that his medical needs were attended to after his release from the hospital; (5) expelling him from Morehouse after an assessment of his need for continued neurological and orthopedic care; (6) trashing his personal effects in his dorm room; (7) refusing to release his academic transcript unless he signed a release of liability; and (8) denying him the ability to register for classes.

[2] Defendants argued that Plaintiff's personal injury claims were barred by Georgia's workers' compensation exclusive remedy rule and that Defendants were not liable under Georgia premises liability law because Defendants did not construct the stage and had no legal duty to inspect or maintain it. Defendants also argued that Plaintiff failed to present evidence of a defect in the stage or evidence that Defendants were aware of the defect and, further, that Plaintiff's own negligence barred his recovery. Defendants finally argued that Plaintiff's remaining claims are not cognizable causes of action under Georgia law.

On January 13, 2014, Defendants filed their Bill of Costs [49] in the amount of $1,903.23. Plaintiff did not object to the Bill of Costs, and on February 4, 2014, the Clerk taxed [55] Defendants' costs against Plaintiff. On March 27, 2014, Plaintiff filed his Motion, asserting that Defendants agreed not to pursue legal costs against him, and requesting that the Court modify its December 13, 2013, Order to vacate the portion of the Order that orders Plaintiff to pay costs. (Motion at 2).

## II. DISCUSSION

Plaintiff's assertion that the Court's December 13, 2013, Order called for him to be taxed Defendants' costs is incorrect. The Court's December 13, 2013, Order granted summary judgment in favor of Defendants and against Plaintiff. Defendants are entitled to their costs pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure. Plaintiff, thus, does not actually request that the Court modify or vacate its December 13, 2013, Order, but rather objects to the Clerk taxing Defendants' costs to Plaintiff.

Defendants sought to tax Plaintiff for fees incurred for transcripts obtained for use in the case and for fees and disbursements for printing. (See Bill of Costs at 1). 28 U.S.C. § 1920 provides, in part:

> A judge or clerk of any court of the United States may tax as costs the following: . . . **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; [and] **(3)** Fees and disbursements for printing and witnesses . . . . A bill of costs shall be

3

> filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Rule 54(d)(1) provides, in part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party . . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). On January 13, 2014, Defendants filed their Bill of Costs pursuant to 28 U.S.C. § 1920 and in compliance with Rule 54(d)(1), and on February 4, 2014, after fourteen days' notice, the Clerk taxed Defendants' costs. Plaintiff's Motion, which, in essence, requests that the Court review the Clerk's award of costs, was filed on March 27, 2014, well after the seven days provided for by Rule 54(d)(1). Plaintiff's Motion is thus untimely.

Even if it was timely filed, Plaintiff's Motion does not assert any grounds that would justify the Court vacating the Clerk's taxation of costs. Plaintiff relies on an e-mail from Karen Miller, an employee of Morehouse, in which Miller states that Morehouse "will advise our attorneys that we do NOT intend to pursue recovery of the court costs in this matter." (Motion, Exhibit B at 2). Plaintiff also relies upon an e-mail he sent to Defendants' counsel concerning their not pursuing costs, where counsel for Defendants stated: "[o]ur client has instructed us not to enforce the bill of costs at this time, and so we will not. However, that does not

4

mean that the bill of costs should be vacated. Accordingly, we will not file anything with the Court concerning this matter." (Motion, Exhibit B at 1).

Defendants' decision not to seek recovery of its costs is independent from whether the Clerk properly taxed costs against Plaintiff, just as a decision to refrain from collecting on a judgment does not mean the judgment should be vacated. Defendants have informed Plaintiff that they will voluntarily refrain from seeking the costs they are entitled to under 28 U.S.C. § 1920. Plaintiff has provided no authority, and the Court has likewise found none, that justifies vacating the Clerk's taxation of costs as allowed by 28 U.S.C. § 1920 and Rule 54(d)(1) based upon Defendants' decision not to seek collection of their costs.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Timbuk Kofi Atakora's Motion to Modify/Vacate Order [57] is **DENIED**.


**SO ORDERED** this 17th day of October, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

5